IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL DENNIS, and<br>TREN SUNDQUIST          )<br>                                     )<br>   Plaintiffs,                    )<br>                                     )<br>v.                                   )<br>                                     )<br>DOTEC PROFESSIONAL CORPORATION,  )<br>                                   )<br>   Defendant.                   ) | **Civil Action No.**<br>**JURY DEMAND** |

**VERIFIED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiffs Michael Dennis and Tren Sundquist (collectively, "Plaintiffs"), by and through counsel, and for this Complaint against DOTec Professional Corporation (hereinafter, "DOTec" or the "Company") states and alleges as follows:

**NATURE OF THE COMPLAINT**

1.    Plaintiffs bring this action against Defendant under state and federal law, specifically the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. § 290.500 *et seq*. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.    Plaintiffs bring this action against Defendant for unpaid wages, overtime compensation, and related penalties and damages.

3.    Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq*.

4.    Defendant's payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

1

5. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Michael Dennis (hereinafter, "Mr. Dennis" is an adult resident of St. Louis, Missouri.

7. Plaintiff Tren Sundquist (hereinafter, "Mr. Sundquist") is an adult resident of Rogersville, Missouri.

8. Defendant DOTec is a Missouri-based corporation, and may be reached for service through its registered agent, Ildefonso Gonzalez, located at 27 Lake Forest Ct S, Saint Charles, MO 63301.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 over Plaintiffs' claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1467 (a) over Plaintiffs' claims brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.* Plaintiffs' claim for violations of the MMWL is so related to Plaintiffs' federal claim in this action that it forms part of the same case or controversy under Article III of the United States Constitution.

11. Defendant DOTec is a legal entity registered to business in the State of Missouri, and is subject to service of process in Missouri. Therefore, this Court has personal jurisdiction over Defendant.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because this is the

13.     judicial district in which Defendant resides.

13.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

14. On or about August 21, 2023, Defendant hired Mr. Dennis to work as a civil designer.

15. Initially, Mr. Dennis earned a yearly salary of $69,000.

16. After an eight-week training period, the Company increased his salary to $75,000.

17. On or about January 12, 2024, the Company promoted Mr. Dennis to the position of Lead Civil Designer, where he earned a salary of $80,000.

18. As a Lead Civil Designer, Mr. Dennis's primary duties included the creation and design of construction documents for clients and site plans and assuring compliance with local, state, and federal codes and regulations regarding site plans.

19. Mr. Dennis had several direct reports as a Lead Civil Designer, but he had no authority to hire, discipline, promote, or terminate any employee at the Company.

20. On average, Mr. Dennis worked approximately 45 to 50 hours per week during his employment.

21. On or about August 28, 2023, the Company hired Mr. Sundquist as a designer engineer.

22. During his employment, Mr. Sundquist earned an annual salary of $105,000.

23. As a design engineer, Mr. Sundquist's primary duties included duties included quality assurance regarding the work of other employees of the Company, providing necessary guidance, identifying issues, and conducting designs.

24. Mr. Sundquist did not have any direct reports, nor did he have any hiring or firing authority.

25. On average, Mr. Dennis worked approximately 45 hours per week during his employment.

3

26. During this period, Defendants did not pay Plaintiffs an overtime premium when they individually worked more than 40 hours in a workweek.

27. During his employment, the Company reduced Mr. Sundquist's weekly salary if he worked fewer than 40 hours in a workweek.

28. During their employment, the Company also reduced Mr. Sundquist's and Mr. Dennis's weekly salaries if they individually worked fewer than 40 hours in a workweek.

29. Furthermore, the Company held a common practice of deducting 30 minutes of pay from Plaintiffs' time sheets for lunch breaks, despite Plaintiffs working through such lunch breaks.

30. On multiple occasions, Plaintiffs observed discrepancies in how the Company paid them and filed discrepancy reports with the Company.

31. Despite filing these discrepancy reports, Defendant did not fully compensate Plaintiffs for hours worked over 40 in a workweek nor did the Company compensate Plaintiffs for any reductions to their weekly pay in the event they worked fewer than 40 hours in a workweek.

32. On or about April 29, 2024, Mr. Dennis voluntarily terminated his employment with the Company.

33. On or about March 3, 2024, Mr. Sundquist voluntarily terminated his employment with the Company.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiffs reallege and incorporates all allegations above as if actually set forth herein.

35. At all relevant times, Defendant was an employer engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

36. At all relevant times, Defendant "employed" Plaintiffs within the meaning of the FLSA,

4

29 U.S.C. § 203(g).

37. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

38. For the duration of his employment with Defendants, Plaintiffs were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

39. Throughout their respective employments, Defendant willfully failed and refused to pay Plaintiffs an overtime premium when he worked more forty hours in a work week

40. In addition, Defendants held a common practice of requiring Plaintiffs and other employees to work through lunch breaks without compensation.

41. Despite Plaintiffs being salaried employees, Defendants also deducted pay from Plaintiffs in instances where they individually worked fewer than 40 hours in a workweek

42. As a result of Defendant's failure to compensate Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).

43. The foregoing conduct, as alleged, further constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

### COUNT II- VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

45. Plaintiffs reallege and incorporated all allegations above as if actually set forth herein.

46. At all relevant times, Defendant was an employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

47. At all relevant times, Plaintiffs were covered employees pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3).

48. The MMWL requires employers, including Defendant, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

49. Throughout Plaintiffs' respective employments, Defendant willfully failed and refused to pay Plaintiffs one and one-half times his regular rate of pay when he worked more forty hours in a workweek.

50. In addition, Defendants held a common practice of requiring Plaintiffs and other employees to work through lunch breaks without compensation.

51. Despite Plaintiffs being salaried employees, Defendants also deducted pay from Plaintiffs in instances where they individually worked fewer than 40 hours in a workweek

52. As a result of Defendant's failure to compensate Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the MMWL and the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: December 19, 2024                                  Respectfully submitted,

    s/Alan G. Crone
By: Alan G. Crone (MO 73285)
The Crone Law Firm, PLC
3115 S Grand Blvd 5th Floor
St. Louis, MO 63118
(901) 258-4711
(314) 208-3856
acrone@cronelawfirmplc.com

*Attorney for Plaintiffs*

## DECLARATION AND VERIFICATION

I, Michael Dennis, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant but in sincerity and truth for the causes mentioned in the Complaint.

*Michael Dennis*
_____
Michael Dennis

12 / 19 / 2024
_____
Date

I, Tren Sundquist, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant but in sincerity and truth for the causes mentioned in the Complaint.

*Tren S*
_____
Tren Sundquist

12 / 19 / 2024
_____
Date

# Dropbox Sign

Audit trail

| | |
|---|---|
| Title | Dennis/Sundquist Verified FLSA Complaint |
| File name | Dennis_and_Sundqu...AFT_11.15.24.docx |
| Document ID | 1d0117adf3323d6c203e24b21db5a3eb995d6b60 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT** — 12 / 19 / 2024  14:12:59 UTC-6
Sent for signature to Michael Dennis (michaeldennis.mad@gmail.com) and Tren Sundquist (trenjs@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED** — 12 / 19 / 2024  14:26:34 UTC-6
Viewed by Michael Dennis (michaeldennis.mad@gmail.com)
IP: 12.227.234.52

**SIGNED** — 12 / 19 / 2024  14:26:48 UTC-6
Signed by Michael Dennis (michaeldennis.mad@gmail.com)
IP: 12.227.234.52

**VIEWED** — 12 / 19 / 2024  17:21:47 UTC-6
Viewed by Tren Sundquist (trenjs@gmail.com)
IP: 172.59.76.53

**SIGNED** — 12 / 19 / 2024  17:23:41 UTC-6
Signed by Tren Sundquist (trenjs@gmail.com)
IP: 172.59.76.53

**COMPLETED** — 12 / 19 / 2024  17:23:41 UTC-6
The document has been completed.

Powered by Dropbox Sign